# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| IN RE: | § Chapter 11 |
| | § |
| **RREAF O&G PORTFOLIO #2 LLC;** | § Lead Case No. 15-70094-rbk |
| | § |
| **RREAF O&G PORTFOLIO #2 MANAGER LLC;** | § Case No. 15-70095-rbk |
| | § |
| | § |
| **RREAF O&G PORTFOLIO #3 LLC;** | § Case No. 15-70096-rbk |
| | § |
| **RREAF O&G PORTFOLIO #3 MANAGER LLC;** | § Case No. 15-70097-rbk |
| | § |
| | § |
| | § (Jointly Administered Under Case No. 15-70094-rbk) |
| **Jointly Administered Debtors.** | § |
| | § |
| **Harry Adinata, Gettha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Stephen Smiles, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Wilkomm** | § § § § § § § § § § § § |
| **Plaintiffs,** | § § |
| | § Adversary No. |
| v. | § § |
| **RREAF Holdings O&G Portfolio #2, LLC, DM Florida, LLC, RREAF O&G Portfolio #2, LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #2 Investors, LLC, Spectrum RREAF Class A, LLC and Webb M. "Kip" Sowden** | § § § § § § § |
| | § |
| **Defendants.** | § § |

{HD084668.1}

_____

## NOTICE OF REMOVAL

Defendants RREAF Holdings O&G Portfolio #2, LLC, RREAF O&G Portfolio #2, LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #2 Investors, LLC, DM Florida, LLC, and Webb M. "Kip" Sowden (collectively, the "Removing Defendants") file this Notice of Removal pursuant to 28 U.S.C. § 1452(a), hereby removing this case from the 385th District Court for Midland County, State of Texas. To the extent required, the Removing Defendants reserve any and all rights, objections, defenses and exceptions. Pursuant to 28 U.S.C. § 1452, the Removing Defendants state as follows in support of their Notice of Removal:

### COMMENCEMENT OF LITIGATION

1. Harry Adinata, Gettha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Stephen Smiles, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Wilkomm (collectively, the "Plaintiffs") began this action on February 1, 2017 by filing their *Original Petition* (the "Petition") in the 385th District Court for Midland County, State of Texas.

2. The Removing Defendants were served on February 17, 2017. The thirty-day period for filing a notice of removal, which begins upon service of the Petition, has not yet run. Fed. R. Bankr. P. 9027(a)(3).

### BASIS FOR REMOVAL

3. 28 U.S.C. § 1452(a) states "a party may remove any claim or cause of action in a civil action . . . to the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

{HD084668.1}2

4. 28 U.S.C. § 1334(b) states that "the district court shall have original but not exclusive jurisdiction over all civil proceedings arising under Title 11 or arising in or related to cases under Title 11."

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) and this action may be removed to this Court pursuant to 28 U.S.C. § 1452 because this action arises in, arises under, or is related to the bankruptcy of RREAF O&G Portfolio #2, LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #3, LLC and RREAF O&G Portfolio #3 Manager, LLC, Jointly Administered under Case Number 15-70094 on the docket of the United States Bankruptcy Court for the Western District of Texas, Midland Division. (the "Bankruptcy Proceeding").

6. This grant of jurisdiction extends to resolving disputes regarding the interpretation of a confirmed plan. *In re Palmaz Scientific, Inc.*, 562 B.R. 331, 335 (Bankr. W.D. Tex. 2016). The Fifth Circuit has confirmed that "a bankruptcy court has jurisdiction over a civil proceeding if the litigated matter bears on the interpretation or execution of the debtor's plan." *In re Craig's Stores of Tex., Inc.*, 266 F.3d 388, 391 (5th Cir. 2001); *see also In re Birting Fisheries, Inc.*, 300 B.R. 489, 501 (9th Cir. BAP 2003)("The bankruptcy court had exclusive jurisdiction to interpret and enforce its Plan and Confirmation Order."); *In re Resorts Int'l, Inc.*, 372 F.3d 154, 168-69 (3d Cir. 2004)("Where there is a close nexus to the bankruptcy plan or proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement, retention of post-confirmation jurisdiction is appropriate.").

7. Plaintiffs, as investors, assert claims against the Removing Defendants for breach of contract, fraud, breach of fiduciary duty, constructive trust, and for an accounting all relating

{HD084668.1}3

to both prepetition and postpetition conduct.

8. On February 22, 2016, this Court issued its *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Plan of Reorganization of RREAF O&G Portfolio #2 LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #3, LLC, and RREAF O&G Portfolio #3 Manager, LLC Proposed by the Debtors and Spectrum Origination LLC, as Modified* (Rec. Doc. 224)(the "Confirmation Order"). Paragraph 59 of the Confirmation Order approved the *Second Amended Plan of Reorganization of RREAF O&G Portfolio #2 LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #3, LLC, and RREAF O&G Portfolio #3 Manager, LLC Proposed by the Debtors and Spectrum Origination LLC, as Modified* (Rec. Doc. 211)(the "Plan").

9. Article 8.B of the Plan provides that upon the Effective Date of the Plan, all of the property of the Debtors would vest or revest free any of lien, Claims, charges or other encumbrances. Article 8.B was specifically approved by this Court in the Confirmation Order. *See* Para. 70 of the Confirmation Order. Article 8.D.1 of the Plan provides for a discharge of all claims and equity interests against the Debtors and prohibits any action against the Reorganized Debtors based on any conduct that occurred prior to the entry of the Confirmation Order. Article 8.D.1 was specifically approved by this Court in the Confirmation Order. *See* Para. 81 of the Confirmation Order. Article 8.E.1 provides for the release by the Debtor of the Lender parties for any action that could have been asserted by the Debtors prepetition. To the extent the Plaintiffs' Petition is derivative in nature, the claims of the Debtors against Spectrum have been released. Article 8.E.1 was specifically approved by this Court in the Confirmation Order. *See* Para. 81 of the Confirmation Order.

10. Article 8.F of the Plan provides for the exculpation of the Debtors for any

postpetition act related to the Bankruptcy Proceeding. *See* Para. 108 of the Confirmation Order. Article 8.H of the Plan provides that all parties that hold a Claim against the Bankruptcy Estate that arose before or existed as of the Effective Date of the Plan are permanently enjoined from asserting any action related to such Claim. *See* Para. 109 of the Confirmation Order.

11. Because the Plaintiffs' actions are derivative in nature, they are attempting to assert the claims of the Reorganized Debtors. As such, the resolution of this action will turn on the interpretation of the discharge, releases, exculpation, and injunction provisions contained in the Plan and the Confirmation Order.

12. While federal courts are in general agreement that all defendants must join in a removal pursuant to 28 U.S.C. §§ 1441 and 446, the majority of courts to consider the issue have concluded that this so-called "rule of unanimity" is not required for bankruptcy removal under section 1452. *See In re Enron Corp. Sec. Derivative & ERISA Litig.,* No. MDL 1446, 2004 WL 1237497 (S.D. Tex. May 20, 2004). Indeed, while the Fifth Circuit has not yet addressed the issue, the Second, Fourth, Seventh, Ninth and Tenth Circuits have all held that the rule of unanimity does not apply to bankruptcy removal pursuant to section 1452. *See Townsquare Media, Inc. v. Brill,* 652 F.3d 767, 770 (7th Cir. 2011); *Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004); *In re Lazar*, 237 F.3d 967, 973 n.2 (9th Cir. 2002); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 323 (10th Cir. 1994); *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985). Courts in this circuit have consistently adhered to the majority rule. *See Joe Conte Toyota, Inc. v. Howell*, No. 97-686, 1997 WL 222410 (E.D. La. April 30, 1997); *Sommers v. Ashbire*, 186 B.R. 407, 408-09 (E.D. Tex. 1995); *In re Eagle Bend Development*, 61 B.R. 451, 457 (Bankr. W.D. La. 1986).

13. Upon removal, the asserted claims against the Removing Defendants are core

pursuant to 28 U.S.C. § 157(b). To the extent that the claims are not core claims, the Removing Defendants consent to the entry of final orders by the Bankruptcy Court.

## MISCELLANEOUS

14. Written notice of the filing of this Notice of Removal is being served upon all counsel for all of the parties herein and on the Clerk of Court for the 385th District Court for Midland County, State of Texas.

15. Pursuant to Fed. R. Bankr. P. 9027, a copy of all pleadings, process and orders that have been filed and served in this litigation are attached as Exhibit A.

16. Venue exists in the United States Bankruptcy Court for the Western District of Texas, Midland Division because the state court where the action is pending is within the referenced district and division. 28 U.S.C. § 124(d)(7). This matter is properly removed to the bankruptcy court pursuant to LBR 9027.

17. The Removing Defendants reserve the right to amend or supplement this Notice of Removal.

Dated: March 12, 2017.

        RESPECTFULLY SUBMITTED,

        **Jones Walker, LLP**

        */s/ Brett R. Sheneman*

        BRETT R. SHENEMAN
        Federal ID: 2364244
        Texas Bar No. 24075067
        1001 Fannin Street, Suite 2450
        Houston, Texas 77002
        Telephone No.: (713) 437-1800
        Facsimile No.: (713) 437-1810
        Email: bsheneman@joneswalker.com

        ***Attorney for Removing Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing pleading has been served upon all counsel of record by electronic mail, the Court's electronic filing system (ECF), and/or by placing the same in the United States Mail, properly addressed and postage prepaid, on this 12th day of March, 2017.

*/s/ Brett R. Sheneman*

BRETT R. SHENEMAN