# EXHIBIT A

CIVIL DOCKET SHEET
385TH DISTRICT COURT


Cause#          CV53065

DATE FILED-February     1st , 2017

HARRY ADINATA,GEETHA ADINATA
THOMAS ALFANO, ADAM BARAUSKY,
ARTHUR BELVAL ET AL

VS

RREAF HOLDINGS O&G PORTFOLIO
#2, LLC, DM FLORIDA,LLC PREAF
O&G PORTFOLIO #2 ET AT

KIND OF ACTION ALL OTHER CIVIL CASES

DATE                COURT NOTES

CV53065

Filed 2/1/2017 4:17:03 PM
Ross Bush
District Clerk
Midland County, Texas

Angela L. Gardea

CAUSE NO. _____

| | |
|---|---|
| Harry Adinata, Geetha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Stephen Smiles, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Willkomm | § §§§§§§§§§§§§§§§§§ IN THE DISTRICT COURT |
| ***Plaintiffs*** | § § |
| RREAF Holdings O&G Portfolio #2, LLC, DM Florida, LLC, RREAF O&G Portfolio #2, LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #2 Investors, LLC, Spectrum RREAF Class A, LLC and Webb M. "Kip" Sowden | §§§§§§§§§ 385th JUDICIAL DISTRICT |
| ***Defendants*** | § MIDLAND COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs, Harry Adinata, Geetha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James M. Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Willkomm, (collectively, "Plaintiffs") by their undersigned counsel, complain of Defendants RREAF Holdings O&G Portfolio #2, LLC, DM Florida,

LLC, RREAF O&G Portfolio #2, LLC, RREAF O&G Portfolio #2 Manager, LLC, RREAF O&G Portfolio #2 Investors, LLC, Spectrum RREAF Class A, LLC and Webb M. "Kip" Sowden, (collectively, "Defendants"), as follows:

## DISCOVERY

1.     Plaintiffs intend that discovery be conducted under Level 3 pursuant to *Texas Rule of Civil Procedure 190.4*.

## Introduction

2.     Plaintiffs were all solicited to be investors and members of Defendant RREAF Holdings O&G Portfolio #2, LLC, a Texas limited liability company.  This action arises from a conspiracy, perpetrated by the Defendants and their affiliated entities, while serving as managers, officers, and members of Defendant RREAF Holdings O&G Portfolio #2, LLC, to divert funds invested by the Plaintiffs and assets acquired from those funds to Defendants and their affiliated entities to the detriment of Plaintiffs.  The Defendants' self-dealing actions, fraud and breaches of their fiduciary duties eliminated the value of the Plaintiffs' Series A membership interest in RREAF Holdings O&G Portfolio #2, LLC by transferring the interests of Plaintiffs to a series of affiliated companies, incurring excessive and unnecessary debt on those entities and colluding to create nonexistent defaults on that debt.  The Defendants further breached their duties by conspiring with their lenders to foreclose on its assets so that Defendants' affiliates could take control of those assets, leaving Plaintiffs with nothing.

3.     The investment was represented as a vehicle to own and operate hotels in the Permian Basin areas of West Texas and New Mexico. Plaintiffs invested in what they thought was a single entity that would purchase, own and operate these Hotels and would distribute the profits to the investors. After forming the investment vehicle, Defendant RREAF Holdings O&G Portfolio #2, LLC, Defendants embarked on a scheme to deprive Plaintiffs of the value of their investment by systematically self-dealing with affiliate entities and their secured lender, while misrepresenting the results of operations to deprive Plaintiffs of agreed upon distributions and membership interests and rights.

4.     The scheme continued, even as Plaintiffs began to question the lack of information being provided and the eventual filing of a Chapter 11 bankruptcy case, but Plaintiffs were repeatedly assured that Defendants were working diligently to protect their interests. Through the scheme, Defendants profited at the expense of Plaintiffs. Defendants received many hundreds of thousands of dollars in fees in exchange for incurring unnecessary levels of debt, were personally released of tens of millions of dollars in personal guarantees and ultimately gained possession of the assets and income from those assets.

### Parties

5.     Plaintiff Harry Adinata is an individual who resides in the State of Georgia.

6.     Plaintiff Geetha Adinata is an individual who resides in the State of Georgia.

7.   Plaintiff Thomas Alfano is an individual who resides in the State of Pennsylvania.

8.   Plaintiff Adam Barausky is an individual who resides in the State of Pennsylvania.

9.   Plaintiff Arthur Belval is an individual who resides in the State of Connecticut.

10.   Plaintiff James Blakemore is an individual who resides in the State of Texas.

11.   Plaintiff Robert Burnett is an individual who resides in the State of Tennessee.

12.   Plaintiff Chris Choate is an individual who resides in the State of Texas.

13.   Plaintiff AJ Daley is an individual who resides in the State of Alabama.

14.   Plaintiff Bill Davis is an individual who resides in the State of Tennessee.

15.   Plaintiff Robert Hinds is an individual who resides in the State of Texas.

16.   Plaintiff Larry Laughlin is an individual who resides in the State of Iowa.

17.     Plaintiff Jeffrey Liddle is an individual who resides in the State of New Jersey.

18.     Plaintiff Tim McCabe is an individual who resides in the State of Georgia.

19.     Plaintiff Todd Meucci is an individual who resides in the State of Tennessee.

20.     Plaintiff Steve Noonan is an individual who resides in the State of Washington.

21.     Plaintiff Doug Ramsey is an individual who resides in the State of Ohio.

22.     Plaintiff Adam Richwine is an individual who resides in the State of Connecticut.

23.     Plaintiff Eddie Lou Shoffner is an individual who resides in the State of Tennessee.

24.     Plaintiff Stephen Smiles is an individual who resides in the State of Indiana.

25.     Plaintiff Jill Marie Trinitapoli is an individual who resides in the State of Tennessee.

26.     Plaintiff Wavecrest Holdings, LLC is a limited liability company duly organized and existing under the laws of the State of New York.

27.     Plaintiff David Willkomm is an individual who resides in the State of Ohio.

28.     Plaintiff John Willkomm is an individual who resides in the State of Tennessee.

29.     Defendant RREAF Holdings (O&G Portfolio Number 2), LLC (hereinafter "RREAF O&G Holdings - Texas"), is a Texas limited liability company allegedly formed for the purpose, as represented to Plaintiffs, of purchasing, owning and operating eight hotel properties located in the west Texas oil and gas development area known as the Permian Basin (the "Permian Basin Hotel Properties"). RREAF O&G Holdings – Texas can be served with process by serving its registered agent, RREAF Holdings LLC, by and through its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

30.     Defendant DM Florida, LLC, individual and d/b/a RREAF DM, LLC (hereinafter "DM"), is a Tennessee limited liability company which was the managing member of RREAF O&G Holdings – Texas.  DM can be served with process by serving its registered agent, RREAF Holdings LLC, by and through its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

31.     Defendant RREAF O&G Portfolio #2 LLC (hereinafter "RREAF O&G Portfolio - Delaware"), is a Delaware limited liability company and was, at one point in the scheme was represented to Plaintiffs as, the intended recipient of the funds invested by Plaintiffs in RREAF O&G Holdings - Texas.  RREAF O&G Portfolio – Delaware can be served with process by serving its registered agent, RREAF Holdings LLC, by and through its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

32.     Defendant RREAF O&G Portfolio #2 Manager, LLC (hereinafter "RREAF O&G Manager - Delaware") is a Delaware limited liability company and was the managing member of RREAF O&G Portfolio - Delaware.  RREAF O&G Manager – Delaware can be served with process by serving its registered agent, RREAF Holdings LLC, by and through its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

33.     Defendant REAFF O&G Portfolio #2 Investors LLC ("RREAF O&G Investors – Delaware") is a Delaware limited liability company established in 2014 and, on information and belief, was the eventual recipient of the funds Plaintiffs invested in RREAF O&G Holdings - Texas.  RREAF O&G Investors – Delaware can be served with process by serving its registered agent, RREAF Holdings LLC, by and through its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

34.    Defendant Spectrum RREAF Class A, LLC ("Spectrum") is a Delaware based limited liability company which owned approximately 34% of REAFF O&G Investors – Delaware.   Spectrum is an affiliate of Spectrum Originations, LLC, a Delaware limited liability company and the primary secured lender on the Permian Basin Hotel Properties.  Spectrum can be served with process by serving its registered agent, Corporation Service Company, at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

35.    Defendant Webb "Kip" Sowden ("Sowden") is a Texas resident who is the principal, promoter and controlling person of RREAF O&G Holdings - Texas, RREAF O&G Portfolio - Delaware and RREAF O&G Investors - Delaware. Sowden can be served with process at his residence located at 4515 Edmondson Avenue, Dallas, Texas 75225, or at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or at his place of business located at 4245 North Central Expressway, Suite 420, Dallas, Texas 75205, or anywhere else he may be found.

## Common Factual Allegations

36.    In or about the first quarter of 2014, Plaintiffs became aware of an investment opportunity in certain hotel properties owned by RREAF O&G Holdings - Texas or related entities owned, managed and/or operated by Defendant Sowden.

37.    Defendant Sowden represented to Plaintiffs and other investors that RREAF O&G Holdings – Texas, was an investment fund he intended to set up to exclusively purchase, own and operate budget hotel properties located in

the states of Texas and New Mexico. The intended holdings were "budget" hotels that would serve oil company employees who were engaged in drilling operations in the Permian Basin in west Texas. The hotels to be owned by RREAF O&G Holdings - Texas were according to Defendant Sowden, despite being budget and lower rate per room properties, considered to be extremely profitable.

38. In furtherance of this possible investment opportunity, Plaintiffs were provided offering memoranda as well as other written and oral representations by Defendants RREAF O&G Holdings – Texas, Sowden and others, to induce Plaintiffs to invest which stressed, *inter alia*, (i) the substantial equity in the assets over the committed financing, (ii) a fully executed letter of intent from a bona fide buyer for in excess of $20 million over secured debt (the purpose of which was to lend each investor assurances of having their investment returned by a complete sale of the hotels), and (iii) sufficient cash flow to meet debt service under the financing which allowed distributions to investors during the term of the loan.

39. An additional inducement to invest in RREAF O&G Holdings - Texas was the representation by Defendants RREAF O&G Holdings – Texas, Sowden and others to Plaintiffs, that individual investors would obtain Class A membership shares, which afforded significant investor protections, including the right to vote on and control major financing and operating decisions of RREAF O&G Holdings - Texas, including, for example, the decision as to whether to file a bankruptcy for RREAF O&G Holdings - Texas.

40.     Defendants RREAF O&G Holdings – Texas and Sowden also represented that as a further inducement to invest, Plaintiffs' investment would be further protected by the fact that the entity they were investing in, RREAF O&G Holdings – Texas, would be the entity that actually owned the hotel assets.

41.     In furtherance of these representations and to induce them to invest, Plaintiffs were provided a draft Operating Agreement of RREAF O&G Holdings - Texas which confirmed in writing the representations made to Plaintiffs regarding investor protections in RREAF O&G Holdings – Texas and that the assets would be owned and operated by that entity.

42.     Financing for the Hotel Properties acquisition was to be provided by Spectrum Origination LLC, a private real estate lending firm headquartered in New Jersey, which committed a total financing package of approximately $44 million for the purpose of acquiring the properties identified by Defendant RREAF O&G Holdings – Texas.

43.     On or about the actual closing of the investment in RREAF O&G Holdings - Texas, Plaintiffs were notified by Defendants RREAF O&G Holdings - Texas and Sowden that the structure of the investment was being modified slightly to offer greater protection to the investor.

44.     As explained to Plaintiffs, instead of directly owning the Permian Basin Hotel Properties through RREAF O&G Holdings - Texas, the Permian Basin Hotel Properties were to be acquired through a third-party entity called RREAF O&G Portfolio - Delaware, which Defendant Sowden assured Plaintiffs

was "for convenience" and which Defendants assured Plaintiffs afforded investment protections and voting rights "in *pari passu*" with Defendant RREAF O&G Holdings - Texas.

45.     Based on these representations by Defendants, through Defendant Sowden, Plaintiffs agreed to go forward with the investment. In or about March and April, 2014, Plaintiffs invested approximately $3,000,000.00 with Defendant Sowden.

46.     What was not disclosed to Plaintiffs was that their interest in RREAF O&G Portfolio - Delaware was anything but *pari passu* with what was represented to be their interest and investor protections in RREAF O&G Holdings – Texas.  For example, Plaintiffs went from full voting members to non-voting members without any of the standard investor protections afforded Plaintiffs in RREAF O&G Holdings - Texas.  Most importantly, Plaintiffs had no say in the major financial decisions of RREAF O&G Portfolio - Delaware, including the decision as to whether or not to file a bankruptcy, or to remove Sowden and/or entities he controlled that now acted as managing member of the entity that controlled the Permian Basin Hotel Properties.

47.     In addition, despite the representation by Defendants RREAF O&G Holdings – Texas, Sowden and others that the Plaintiffs were investing in an entity that would actually own the Permian Basin Hotel Properties, that was not the reality.  RREAF O&G Holdings – Texas did not own the Permian Basin Hotel Properties and, and Plaintiffs' funds were not invested in RREAF O&G Portfolio – Delaware, the entity formed on the eve of closing, either, but

apparently were invested in RREAF O&G Portfolio #2 Investors, LLC, which did not, on information and belief, hold title to any of the hotel properties.

48.    In fact, it is unclear exactly what entity or entities controlled by and affiliated with Defendants Sowden and Spectrum actually owned the Permian Basin Hotel Properties at the time of the Plaintiffs' investment and it is even more unclear in 2016 what entities own the Hotel Properties that the Plaintiffs invested in excess of $3,000,000.00 to purchase, own and operate.

49.    The fraudulent conduct of the Defendants did not end with the misrepresentations to Plaintiffs in order to induce them to invest in the Permian Basin Hotel Properties.  It was just the beginning.

50.    After the Plaintiffs closed on investment in or about mid-2014 in what they believed was a single purpose limited liability company that would own and operate the Permian Basin Hotel Properties, Defendants began the second phase of their fraudulent scheme. That phase was the inaccurate reporting of the financial performance of the Permian Basin Hotel Properties.

51.    From the date of Plaintiffs' investment, the actual financial results for operations of the Permian Basin Hotel Properties were extremely strong and profitable.  All debt service on Defendant Spectrum's secured financing was being met in the ordinary course of business and cash flow of hotel operations generated cash surpluses in the accounts of Defendant RREAF O&G Portfolio - Delaware.

52.    Despite the actual profitable operations and consistent debt service, Defendants RREAF O&G Holdings - Texas, RREAF O&G Manager –

Delaware, and Sowden during early 2015 initiated a series of communications in which the Defendants falsely stated that the Permian Basin Hotel Properties were losing money and that the loan with Spectrum was in default.

53.    In furtherance of their scheme, Defendants provided Plaintiffs internal financial reports which supported their claims of negative financial results. What Plaintiffs did not know was that the actual financial statements of the Permian Basin Hotel Properties were at all times profitable and cash flow positive, not as depicted in false financial reports being supplied by Defendants.

54.    Defendants, at the direction of Sowden, in essence maintained two sets of financial books. One which showed the real results and were used as the basis for tax returns filed by Defendants RREAF O&G Holdings - Texas, RREAF O&G Manager – Delaware, and another that was used to misrepresent the financial results to the Plaintiffs to engender the impression that Plaintiffs' investment was failing. Defendants knew very well that the actual facts were the exact opposite of what was being represented to the Plaintiffs and hid these facts by failing to provide Plaintiffs with IRS Schedule K-1 tax return information with respect to their interests showing where their money had been invested and how such tax entity was operating. This was done despite repeated requests by one or more Plaintiffs for this information.

55.    Defendants' scheme continued in the early summer of 2015, when Defendants Sowden, RREAF O&G Manager – Delaware and RREAF O&G Portfolio - Delaware, without ANY notice to Plaintiffs or affording Plaintiffs the

opportunity to object, filed a voluntary petition for relief under Chapter 11 of the United States Code in the United States Bankruptcy Court for the Western District of Texas, Midland Division, known as *In re RREAF O&G Portfolio #2 LLC*, NO. 15-70094-rbk (the "Bankruptcy Case").

56.     From June, 2015 through March, 2016, Defendants RREAF O&G Holdings – Texas, RREAF O&G Portfolio – Delaware, RREAF O&G Manager – Delaware and Sowden actively worked in concert with Spectrum Origination LLC, an affiliate of Defendant Spectrum to push through the Chapter 11 Bankruptcy Case process for RREAF O&G Portfolio – Delaware and RREAF O&G Manager – Delaware.   During the Bankruptcy Case, RREAF O&G Holdings – Texas and Sowden continued to utilize the distorted internal financial reporting for RREAF O&G Portfolio – Delaware to justify the bankruptcy.  During the Bankruptcy Case, none of the Plaintiffs were afforded any notice or standing, even though as voting members of RREAF O&G Holdings – Texas, Plaintiffs were entitled to such protections under the RREAF O&G Holdings – Texas operating agreement.

57.     Further in the Bankruptcy Case it was revealed that REEAF O&G Portfolio #2 Investors LLC, a Delaware LLC in which the Defendant Spectrum held critical ownership rights held a veto over financial decisions regarding the hotel properties.   In other words, at this point Spectrum Origination LLC and its affiliate, Defendant Spectrum, were on both sides of the transaction – secured lender and an equity holder with substantial rights, which Plaintiffs did not have.

58.    Plaintiffs were never informed that their investment was being ultimately funded into an entity in which an affiliate of the secured lender held a veto over all major financial decisions. Such a conflict of interest was never disclosed to Plaintiffs along with the material fact that the funds they invested were placed into an entity in which Plaintiffs had no idea even existed.

59.    The Bankruptcy Case concluded with the confirmation of a plan of reorganization in or about June 2016. As a result of the plan confirmed in the Bankruptcy Case, Plaintiffs' $3 million investment in RREAF O&G Holdings - Texas was completely lost. Defendant Sowden, however, benefitted from the Bankruptcy Case as his $20 million guaranty of the Spectrum Origination secured debt was released and another RREAF entity in which Sowden was a principal was afforded a management contract to manage the Permian Basin Hotel Properties subject of the Bankruptcy Case for in excess of $1 million a year.

60.    The full import of Defendants' scheme did not become known until Plaintiffs were able to inspect actual tax and accounting records from the accountants for the RREAF-affiliated limited liability companies which demonstrated that Defendants' internal financial records were fraudulent.

61.    Based on the breaches of contract, breaches of fiduciary duty and fraud committed by defendants against Plaintiffs in regards to their investment in Defendants, Plaintiffs suffered damages in excess of $3 million. Defendants RREAF O&G Investors – Delaware and Sowden benefitted from their scheme in excess of $20 million. Plaintiffs seek rescission, an award of damages, and an

accounting from the Defendants of the financial benefits they received to Plaintiffs' detriment as a result of the scheme set forth above.

## JURISDICTION AND VENUE

62.    This Court has subject matter jurisdiction over this cause, as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

63.    This Court has personal jurisdiction over all Defendants, as they are either Texas residents, or if not residents of Texas, because those non-resident Defendants have engaged in business in Texas by contracting with a Texas resident, and the contract was to be performed in Texas.  In addition, this Court has personal jurisdiction over all non-resident Defendants because they have purposely availed themselves of the privileges and benefits of conducting business in Texas, including but not limited to by purchasing and owning real property interests in the State of Texas, which are the basis of this lawsuit.

64.    Venue in Midland County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because Midland County is the county where properties subject of the lawsuit are located and all or a substantial part of the events or omissions giving rise to the lawsuit occurred, which include but are not necessary limited to the receipt of telephone calls and written correspondence by at least one Plaintiff in Midland County, and that Plaintiff relied upon those calls and correspondence to his detriment in Midland County, all of which form the basis of claims in this

lawsuit.   In the alternative, venue is mandatory in Midland County under Section 15.011 of the Texas Civil Practice and Remedies Code, because the nature of this lawsuit is an action for recovery of real property or an estate or interest in real property, and all or part of the realty at issue is located in Midland County, Texas.

### CAUSES OF ACTION

**Count I - Breach of Contract**
**Plaintiffs against RREAF O&G Holdings - Texas**

65.    Paragraphs 1-64 are incorporated as if fully restated herein.

66.    Plaintiffs entered into an operating agreement with RREAF O&G Holdings - Texas which afforded Plaintiffs essential investor protections in the form of, *inter alia*, voting rights as Class A members.

67.    RREAF O&G Holdings - Texas breached the agreement with Plaintiffs by failing to maintain those bargained for and agreed to investor and voting rights when it directed Plaintiffs' investment to another entity, RREAF O&G Investors - Delaware, which eliminated Plaintiffs' bargained for investor rights.

68.    RREAF O&G Holdings – Texas breaches resulted in the unnecessary filing of the Bankruptcy Case without Plaintiffs' consent as well as deprived plaintiffs of the rights to participate and receive notice in the Bankruptcy Case. RREAF O&G Holdings - Texas breaches also caused Plaintiffs' funds to be placed in an entity, RREAF O&G Investors - Delaware, in which Spectrum had a conflict of interest relative to the Plaintiffs and critical consent rights over the assets in which Plaintiffs had intended to invest.

69.     RREAF O&G Holdings - Texas breaches were material and constitute grounds for rescission of the operating agreement.

Wherefore, Plaintiffs request that the Court enter a judgment on each of plaintiffs' behalf and against RREAF O&G Holdings - Texas for rescission of contract, with an order on RREAF O&G Holdings - Texas to return Plaintiffs' investment, with award of costs to Plaintiffs and attorneys' fees.

### Count II-FRAUD
### Plaintiffs v. Defendants RREAF O&G Holdings - Texas, DM, RREAF O&G Portfolio - Delaware, RREAF O&G Manager - Delaware and Sowden

70.     The allegations of paragraphs 1-69 are incorporated as if fully restated herein.

71.     Defendants RREAF O&G Holdings - Texas, DM, RREAF O&G Portfolio - Delaware, RREAF O&G Manager - Delaware and Sowden misrepresented that RREAF O&G Portfolio - Delaware afforded Plaintiffs the same investor rights and protections Plaintiffs held in RREAF O&G Holdings - Texas.

72.     Said representation was false and material to Plaintiffs' investment decisions.

73.     In addition, Defendants falsely represented to the Plaintiffs during the period after May, 2014 that the Permian Basin Hotel Properties in which Plaintiffs invested in were unprofitable and that the dire condition of the Hotel Properties was forcing RREAF O&G Portfolio - Delaware and RREAF O&G Manager - Delaware into bankruptcy. The true facts were that the Permian Basin Hotel Properties were operating profitably in 2014 and 2015 and

generating sufficient cash flow to provide adequate debt service on the Spectrum Origination LLC, the secured lender on Permian Basin Hotel Properties' as were in fact generating surplus cash.

74. Defendants misrepresentations regarding the financial operations of the Permian Basin Hotel Properties were false and known to be false when made and material to plaintiff's investment.

75.   Plaintiffs relied on the statements of Defendants to their detriment and such reliance was reasonable.

76.   Plaintiffs suffered in excess of $3 million in damages as a consequence of Defendants' fraud.

77.   Defendants' fraud was deliberate and committed with malice.

78.   Plaintiffs request the imposition of punitive damages against defendants in an amount in excess of $10 million.

Wherefore, Plaintiffs request judgment on their behalf and against defendants RREAF O&G Holdings - Texas, DM, RREAF O&G Portfolio - Delaware, RREAF O&G Manager - Delaware and Sowden for actual damages of $3 million, punitive damages of $10 million, costs and reasonable attorneys' fees.

### Count III - Breach of Fiduciary Duty
### Plaintiffs against RREAF O&G Holdings - Texas, DM, and Sowden

79.   Plaintiffs incorporate paragraphs 1-78 as if fully restated herein.

80.   Defendant RREAF O&G Holdings - Texas, as owner of RREAF O&G Manager - Delaware, DM as manager of RREAF O&G Holdings - Texas and Sowden as controlling principal of RREAF O&G Holdings - Texas, RREAF O&G

Portfolio - Delaware and RREAF O&G Manager - Delaware, owed fiduciary duties to Plaintiffs to oversee and protect the assets of RREAF O&G Holdings - Texas and to administer the affairs of RREAF O&G Holdings - Texas in a manner free from conflicts of self-interest and consistent with the best interests of the members of the limited liability company.

81.    Defendants breached their fiduciary duties to plaintiffs by numerous acts of wrongdoing, including:

a)    failing to maintain and protect the Permian Basin Hotel Property assets by ignoring available means of refinancing debt purportedly owed Spectrum Origination LLC;

b)    collaborating with Defendant Spectrum and its affiliate Spectrum Origination LLC to wrongfully file the Bankruptcy Case for RREAF O&G Portfolio - Delaware and RREAF O&G Manager - Delaware in order to benefits for RREAF O&G Investors - Delaware and Sowden in the form of partnership interests with Spectrum Origination, LLC and for the  release of guaranty obligations owed by Sowden in excess of $20 million and the agreement with Spectrum Origination LLC of a management contract for the hotel assets of the limited liability company for compensation in excess of $1,000,000 per year;

c)    assisting in the acquisition by RREAF O&G Investors - Delaware of Plaintiffs' funds  and failing to advise Plaintiffs that such an entity had been established prior to the Bankruptcy Case to receive the assets of RREAF O&G Holdings - Texas.

d)      fraudulently representing the financial condition of RREAF O&G

Portfolio - Delaware to Plaintiffs and maintaining and utilizing a separate and

false set of financial documents regarding the operations of the Permian Basin

Hotel Properties in order to frustrate and delude the Plaintiffs as to the actual

financial operation of the Permian Basin Hotel Properties, all with the purpose

to deprive Plaintiffs of the benefit of their investment and to instead benefit

defendant Sowden.

82.     Defendants RREAF O&G Holdings - Texas and Sowden committed

these breaches of fiduciary duty in order to wrongfully capitalize on the

valuable assets of RREAF O&G Holdings - Texas and to eliminate the equity

interests of Plaintiffs.

83.   Defendants' breaches caused in excess of $3 million in damages to

Plaintiffs each of whom has had their entire investment wiped out, while

Defendant Sowden profited with a release of his guaranty and retentions of his

company to manage the Permian Basin Hotel Properties.

Wherefore, Plaintiffs seek damages against Defendants RREAF O&G

Holdings - Texas, DM and Sowden in excess of $3 million and punitive

damages in an amount to be determined[1], for reasonable attorneys' fees and

such other relief as the Court deems proper.

### Count IV-  Secondary Liability for Aiding and Abetting a Breach of Fiduciary Duty
### Plaintiffs against RREAF O&G Investors - Delaware

84.     Paragraphs 1-83 are incorporated as if fully restated herein.

85.     RREAF O&G Investors - Delaware has acted in concert with the other Defendants, Sowden and RREAF O&G Holdings - Texas, in order to pursue a common design which is the elimination of Plaintiffs' equity interests in the Permian Basin Hotel Properties and to transfer that interest to different entities affiliated with Defendants.

86.     RREAF O&G Investors - Delaware knew through its members that RREAF O&G Holdings - Texas, DM and that Sowden owed fiduciary obligations to the Plaintiffs and has given substantial assistance to both Defendants in order to achieve the result.

87.     Through its management, RREAF O&G Investors - Delaware has given substantial assistance to Sowden and RREAF O&G Holdings - Texas by purportedly standing in as a management agent when in essence it is a conduit through which other Defendants divested the assets of Plaintiffs and breached their fiduciary duties of loyalty.

Wherefore, plaintiffs request the Court enter judgment against RREAF O&G Investors - Delaware, for aiding and abetting breaches of fiduciary duty, together with interest, costs and reasonable attorneys' fees and such other relief as the Court deems proper.

## Count V- Constructive Trust
**Plaintiffs against RREAF O&G Investors - Delaware and Spectrum**

88.     Paragraphs 1-87 are incorporated as if fully restated herein.

89.     On information and belief, RREAF O&G Investors - Delaware is an entity set up by Spectrum Origination LLC and Sowden to, *inter alia*, serve

without the knowledge or consent of Plaintiffs, as the operating entity to acquire and manage the hotel properties purportedly to be owned by RREAF O&G Portfolio - Delaware.

90.     Said entity was formed and functioned to aid the Defendants in the breaches of fiduciary duty committed by defendants RREAF O&G Holdings - Texas and Sowden which resulted in RREAF O&G Investors - Delaware and the Bankruptcy Case plan which wrongfully conveyed the assets of RREAF O&G Holdings - Texas.

91.     Plaintiffs request the Court to impose a constructive trust on the assets of RREAF O&G Investors - Delaware as it is a recipient of assets procured by fraud.

92.     Plaintiffs have suffered in excess of $3,000,000 in damages as a result of the fraud.

Wherefore, Plaintiffs request the Court impose a constructive trust on the assets of RREAF O&G Investors - Delaware for interest, costs and reasonable attorneys' fees and such other relief as the Court deems proper.

### Count VI - Accounting
### Plaintiffs against RREAF O&G Holdings - Texas and Sowden

93.     Paragraphs 1-92 are incorporated as if fully restated herein.

94.     Due to the breaches of fiduciary duty set forth herein, Plaintiffs are entitled to an accounting by defendants RREAF O&G Holdings - Texas and Sowden for all benefits and remuneration Defendants have received as a result of the RREAF O&G Portfolio - Delaware Bankruptcy Case, including any partnership or other interest or remuneration provided by Spectrum

Origination LLC as a result of cooperating in the RREAF O&G Portfolio - Delaware Bankruptcy Case.

Wherefore, Plaintiffs request that the Court order Defendants RREAF O&G Holdings - Texas and Sowden to provide a full accounting of all financial benefits received or promised as a result of the RREAF O&G Portfolio - Delaware and RREAF O&G Manager - Delaware Bankruptcy Case, and for such other relief as the Court deems proper.

## Count VII-Breach of Implied Duty of Good Faith
## Plaintiffs against RREAF O&G Holdings - Delaware and Sowden

95.     Paragraphs 1-94 are incorporated as if fully restated herein.

96.     The RREAF O&G Holdings - Texas limited liability agreement imposes on defendants the implied obligation of good faith and fair dealing upon defendants in dealing with Plaintiffs under the RREAF O&G Holdings - Texas agreement.

97.     Defendants breached the implied duties of good faith and fair dealing in their mistreatment of Plaintiffs in connection with the Plaintiffs' investment in RREAF O&G Holdings - Texas.

98.     These breaches of duty proximately caused injury to Plaintiffs.

Wherefore, Plaintiffs request that the Court enter judgment on Plaintiffs' behalf and against defendants RREAF O&G Holdings - Texas and Sowden, for in excess of $3 million, said amount to be proved at trial, costs and reasonable attorneys' fees.

## Count VIII-Civil Conspiracy
### Plaintiffs against All Defendants

99.   Paragraphs 1-98 are incorporated as if fully restated herein.

100.   As described above, all defendants participated in a civil conspiracy, the object of which was to accept and deploy the funds of the Plaintiffs in assets and in a bankruptcy forum in which Plaintiffs had no rights to participate or to protect their investment.

101.   All of defendants' concerted activity was designed to benefit the interests of Spectrum and the Sowden related entities by placing the hotel properties in which Plaintiffs sought to invest in entities that were controlled by Sowden and Spectrum and without meaningful participation by Plaintiffs.

102.   Said concerted activity was wrongful and proximately injured plaintiffs in an amount in excess of $3 million.

Wherefore, Plaintiffs request that the Court enter judgment on behalf of Plaintiffs and against all defendants in the amount in excess of $3,000,000, jointly and severally, plus costs of suit, including reasonable attorneys' fees.

## Count IX-Unjust Enrichment
### Plaintiffs against All Defendants

103.   Paragraphs 1-102 are incorporated as if fully restated herein.

104.   Defendants have been unjustly enriched by their receipt and retention of Plaintiffs' funds in assets in which plaintiffs were deprived of their fundamental voting and consent rights.

105. It would unjustly enrich defendants, and further injure Plaintiffs, by allowing defendants to retain the economic benefits they received through their wrongful activities set forth above.

106. As a result, Plaintiffs have been proximately injured in an amount in excess of $3 million.

Wherefore, Plaintiffs request the Court enter an award to Plaintiffs of in excess of $3 million, said amount to be proved at trial, plus costs and reasonable attorneys' fees.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for the following relief and damages in an amount within jurisdictional limits of the Court:

a.        For damages incurred as a result of the above-referenced claims, including but not limited to benefit of the bargain damages, out-of-pocket expenses, lost profits, incidental and consequential damages, lost appreciation in the value of the applicable properties that would have accrued, fraud reliance damages, mental anguish, and other special fiduciary damages.;

b.        Rescission of the Operating Agreement;

c.      Return or forfeiture of the compensation received by Defendants while they were breaching their fiduciary duties;

d.      Disgorgement or return of all profits made by Defendants in their breach of fiduciary duties;

e.      For the equitable relief sought, including the appointment of an auditor, an accounting, and constructive trust;

f.      For Plaintiffs' reasonable and necessary attorney's fees and costs of suit;

g.      Pre- and Post-Judgment interest on all actual, special, and punitive damages and attorneys' fees at the maximum interest rate allowed by law;

h.      For exemplary damages against in an amount to be determined by the trier of fact; and

i.      For such other and further relief, both general and specific, at law or in equity, that Plaintiffs are justly entitled to receive.

Respectfully submitted,

**Brockett & McNeel LLP**
TGAAR TOWER
24 Smith Road, Suite 400
Midland, Texas 79705
Telephone: 432.686.7743
Telecopier: 432.683.6229


 /s/ Ryan J. McNeel
C. H. (Hal) Brockett, Jr.
    State Bar No. 03046200
    hbrockett@brockettmcneel.net
Ryan J. McNeel
    State Bar No. 24032851
    rmcneel@brockettmcneel.net

Michael C. Moody
Michael J. O'Rourke
**O'Rourke & Moody, LLP**
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
(312) 849-2020

*Counsel for Plaintiffs*

*12*

CV53065

Filed 2/23/2017 4:19:23 PM
Ross Bush
District Clerk
Midland County, Texas

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS  79705

*Abeny Chavez*

ABENY CHAVEZ

## THE STATE OF TEXAS

**NOTICE TO DM FLORIDA, LLC INDIVIDUAL AND D/B/A RREAF DM, LLC:**

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE
EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION
AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:  DM FLORIDA, LLC INDIVIDUAL AND D/B/A RREAF DM, LLC

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before
10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,
before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland,
Texas.

Said petition was filed on: **February  1st, 2017**

The file number of said suit being: **CV53065**

The style of the case is:

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR
BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS,
ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI,
STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN
SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM
AND JOHN WILLKOMM.
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA, LLC RREAF O&G PORTFOLIO
#2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2
INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in
Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By _____
ANGELA L GARDEA, Deputy

**OFFICER'S RETURN**

CV53065          385TH DISTRICT COURT

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

**ADDRESS FOR SERVICE:**
DM FLORIDA, LLC INDIVIDUAL AND D/B/A RREAF DM, LLC
BY SERVING ITS REGISTERED AGENT, WEBB M. SOWDEN III
4228 NORTH CENTRAL EXPRESSWAY STE 110          OR          ANYWHERE ELSE HE MAY BE FOUND
DALLAS, TEXAS 75206

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:
Name                          Date/Time                Place/Location

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

**FEES FOR SERVICE $** _____ County, Texas
     (Of Citation)
                                        By: _____, Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**
                              **VERIFICATION**
BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT:**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
                (First, Middle, Last)
Is _____
     (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20_____.

_____                    _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

CAUSE NO.: CV53065

| | | |
|---|---|---|
| HARRY ADINATA, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| RREAF | § | |
| HOLDINGS O&G PORTFOLIO #2 | § | 385TH JUDICIAL DISTRICT |

## *A F F I D A V I T   O F   S E R V I C E*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to DM Florida, LLC Individual and dba RREAF DM, LLC by delivery to Webb M. Sowden, III, registered agent, at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to DM Florida, LLC Individual and dba RREAF DM, LLC by delivery to Webb M. Sowden, III, registered agent, personally at 4245 N. Central Expressway, Suite 420 Dallas, TX 75205 in Dallas County Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas

CV53065

Filed 2/23/2017 4:21:56 PM
Ross Bush
District Clerk
Midland County, Texas

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS  79705

_Abeny Chavez_
ABENY CHAVEZ

**THE STATE OF TEXAS**

**NOTICE TO RREAF O&G PORTFOLIO #2, LLC:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

TO: RREAF O&G PORTFOLIO #2, LLC

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February  1st, 2017**

The file number of said suit being: **CV53065**

The style of the case is:

**HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM**
VS.
**RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA, LLC RREAF  O&G PORTFOLIO #2 , LLC, RREAF  O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN**

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at office in Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By _Angela L Gardea_

ANGELA L GARDEA, Deputy

CV53065        385TH DISTRICT COURT

**OFFICER'S RETURN**

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA, LLC RREAF  O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF  O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

ADDRESS FOR SERVICE:
RREAF O&G PORTFOLIO #2, LLC
BY SERVING ITS REGISTERED AGENT, WEBB M. SOWDEN III
4228 NORTH CENTRAL EXPRESSWAY STE 110        OR        ANYWHERE ELSE HE MAY BE FOUND
DALLAS, TEXAS 75206.

Came to hand on the _____ day of _____, 20____, at_____ o'clock _____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:
Name                                    Date/Time            Place/Location

_____

NOT EXECUTED FOR THE FOLLOWING REASON:_____

The diligence used in finding said defendant being_____

and the cause or failure to execute this process is:_____

And the information received as to the whereabouts of said defendant being:_____

_____, Sheriff

FEES FOR SERVICE $_____                    _____, County, Texas
    (Of  Citation)
                                                         BY_____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared_____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20____

                                              _____
                                              NOTARY PUBLIC, STATE OF TEXAS

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
                    (First, Middle, Last)
Is _____
        (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20___.

_____            _____
Declarant/Authorized Process Server                    (Id # & expiration of certification)

CAUSE NO.: CV53065

| | | |
|---|---|---|
| HARRY ADINATA, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| RREAF | § | |
| HOLDINGS O&G PORTFOLIO #2 | § | 385TH JUDICIAL DISTRICT |

## *A F F I D A V I T   O F   S E R V I C E*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to RREAF O&G Portfolio #2, LLC by delivery to Webb M. Sowden, III, registered agent, at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to RREAF O&G Portfolio #2, LLC by delivery to Webb M. Sowden, III, registered agent, personally at 4245 N. Central Expressway, Suite 420 Dallas, TX 75205 in Dallas County Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas

*12*

CV53065

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE:**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS   79705

**THE STATE OF TEXAS**

**NOTICE TO RREAF O&G PORTFOLIO #2 INVESTORS, LLC:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO: RREAF O&G PORTFOLIO #2 INVESTORS, LLC**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February  1st, 2017**

The file number of said suit being: **CV53065**

The style of the case is:

**HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM**
**VS.**
**RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN**

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS
By
ANGELA L GARDEA, Deputy

**OFFICER'S RETURN**

CV53065        385TH DISTRICT COURT

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

**ADDRESS FOR SERVICE:**
RREAF O&G PORTFOLIO #2 INVESTORS, LLC
BY SERVING ITS REGISTERED AGENT, WEBB M. SOWDEN III
4228 NORTH CENTRAL EXPRESSWAY STE 110        OR        ANYWHERE ELSE HE MAY BE FOUND
DALLAS, TEXAS 75206

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:

Name                    Date/Time              Place/Location
_____   _____  _____
_____   _____  _____

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

FEES FOR SERVICE $ _____, County, Texas
  (Of Citation)

By: _____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

**VERIFICATION**

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct.  I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____

_____
NOTARY PUBLIC, STATE OF TEXAS

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT:
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The return must either be verified or be signed under penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____ and my address
                    (First, Middle, Last)
is _____
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20_____

_____        _____
Declarant/Authorized Process Server                    (Id # & expiration of certification)

CAUSE NO.: CV53065

| | | |
|---|---|---|
| HARRY ADINATA, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| RREAF HOLDINGS | § | |
| O&G PORTFOLIO #2 ET AL | § | 385TH JUDICIAL DISTRICT |

## *A F F I D A V I T   O F   S E R V I C E*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to RREAF O&G Portfolio #2 Investors, LLC by delivery to Webb M. Sowden, III, registered agent, at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to RREAF O&G Portfolio #2 Investors, LLC by delivery to Webb M. Sowden, III, registered agent, personally at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas

*12*

CV53065

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS   79705

*Abeny Chavez*

ABENY CHAVEZ

**THE STATE OF TEXAS**

**NOTICE TO RREAF O&G PORTFOLIO #2 MANAGER, LLC:**

**"YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR
ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED
THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE
EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION
AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO:  RREAF O&G PORTFOLIO #2 MANAGER, LLC**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before
10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,
before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland,
Texas.

Said petition was filed on: **February  1st, 2017**

The file number of said suit being: **CV53065**

The style of the case is:

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR
BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS,
ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI,
STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN
SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM
AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF  O&G PORTFOLIO
#2 , LLC, RREAF  O&G PORTFOLIO #2 MANAGER, LLC, RREAF  O&G PORTFOLIO #2
INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in
Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By *Angela L Gardea*

ANGELA L GARDEA, Deputy

**OFFICER'S RETURN**

CV53065     385TH DISTRICT COURT

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA, LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

ADDRESS FOR SERVICE:
RREAF O&G PORTFOLIO #2 MANAGER, LLC
BY SERVING ITS REGISTERED AGENT, WEBB M. SOWDEN III
4228 NORTH CENTRAL EXPRESSWAY STE 110     OR     ANYWHERE ELSE HE MAY BE FOUND
DALLAS, TEXAS 75206

Came to hand on the _____ day of _____ 20_____ at _____ o'clock _____ m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:

Name                       Date/Time         Place/Location

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

FEES FOR SERVICE $ _____, County, Texas
   (Of Citation)
                         By _____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND
                    VERIFICATION
BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____ 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT:
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
          (First, Middle, Last)
is _____
   (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____     _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

AFFIDAVIT ATTACHED

CAUSE NO.: CV53065

| | | |
|---|---|---|
| HARRY ADINATA, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| RREAF | § | |
| HOLDINGS O&G PORTFOLIO #2 | § | 385TH JUDICIAL DISTRICT |

## *AFFIDAVIT OF SERVICE*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to RREAF O&G Portfolio #2 Manager, LLC by delivery to Webb M. Sowden, III, registered agent, at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to RREAF O&G Portfolio #2 Manager, LLC by delivery to Webb M. Sowden, III, registered agent, personally at 4245 N. Central Expressway, Suite 420 Dallas, TX 75205 in Dallas County Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas

CV53065

Filed 2/23/2017 4:13:28 PM
Ross Bush
District Clerk
Midland County, Texas

CITATION

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS 79705

*Abeny Chavez*

ABENY CHAVEZ

**THE STATE OF TEXAS**

**NOTICE TO RREAF HOLDINGS O&G PORTFOLIO #2:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO: RREAF HOLDINGS O&G PORTFOLIO #2**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February 1st, 2017**

The file number of said suit being: CV53065

The style of the case is:

**HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM**
**VS.**
**RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN**

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: *Angela L Gardea*
ANGELA L GARDEA, Deputy

**OFFICER'S RETURN**

CV53065        385TH DISTRICT COURT

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

**ADDRESS FOR SERVICE:**
RREAF HOLDINGS O&G PORTFOLIO #2, LLC
BY SERVING ITS REGISTERED AGENT, WEBB M. SOWDEN III
4228 NORTH CENTRAL EXPRESSWAY STE 110        OR        ANYWHERE ELSE HE MAY BE FOUND
DALLAS, TEXAS 75206

Came to hand on the _____ day of _____, 20_____ ,at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places, to-wit:

| Name | Date/Time | Place/Location |
|------|-----------|----------------|
|      |           |                |
|      |           |                |

NOT EXECUTED FOR THE FOLLOWING REASON: _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

**FEES FOR SERVICE $**_____, County, Texas
    (Of Citation)
_____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

**VERIFICATION**
BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT:**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is:_____, and my address
                (First, Middle, Last)
Is _____
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20_____.

_____        _____
Declarant/Authorized Process Server        (Id # & expiration of certification)

CAUSE NO.: CV53065

| | | |
|---|---|---|
| HARRY ADINATA, ET AL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | MIDLAND COUNTY, TEXAS |
| | § | |
| RREAF HOLDINGS | § | |
| O&G PORTFOLIO #2 ET AL | § | 385TH JUDICIAL DISTRICT |

## *A F F I D A V I T   O F   S E R V I C E*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to RREAF Holdings O&G Portfolio #2 by delivery to Webb M. Sowden, III, registered agent, at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to RREAF Holdings O&G Portfolio #2 by delivery to Webb M. Sowden, III, registered agent, personally at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas

*12*

CITATION

CV53065

**CLERK OF THE COURT**
Ross Bush
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
RYAN J. MCNEEL
24 SMITH ROAD, SUITE 400
MIDLAND TEXAS 79705

**THE STATE OF TEXAS**

**NOTICE TO WEBB M. "KIP" SOWDEN:**

**"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."**

**TO: WEBB M. "KIP" SOWDEN**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **February 1st, 2017**

The file number of said suit being: CV53065

The style of the case is:

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2 , LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

A copy of **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on February 02nd, 2017.

ROSS BUSH
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: _____
ANGELA L GARDEA, Deputy

## OFFICER'S RETURN

CV53065        385TH DISTRICT COURT

HARRY ADINATA, GEETHA ADINATA THOMAS ALFANO, ADAM BARAUSKY, ARTHUR BELVAL, JAMES BLAKEMORE, ROBERT BURNETT, CHRIS CHOATE, AJ DALEY, BILL DAVIS, ROBERT HINDS, LARRY LAUGHLIN, JEFFREY LIDDLE, TIM MCCABE, TODD MEUCCI, STEVE NOONAN, DOUG RAMSEY, ADAM RICHWINE, EDDIE LOU SHOFFNER, STEPHEN SMILES, JILL MARIE TRINITAPOLI, WAVECREST HOLDINGS, LLC, AND DAVID WILLKOMM AND JOHN WILLKOMM SOWDEN
VS.
RREAF HOLDINGS O&G PORTFOLIO #2, LLC, DM FLORIDA,LLC RREAF O&G PORTFOLIO #2, LLC, RREAF O&G PORTFOLIO #2 MANAGER, LLC, RREAF O&G PORTFOLIO #2 INVESTORS, LLC, SPECTRUM RREAF CLASS A, LLC AND WEBB M. "KIP" SOWDEN

**ADDRESS FOR SERVICE:**
WEBB M. "KIP" SOWDEN
4515 EDMONDSON AVENUE   OR 4228 NORTH CENTRAL EXPRESSWAY STE 110   OR  4245 NORTH CENTRAL EXPRESSWAY STE 420
DALLAS, TEXAS 75225             DALLAS, TEXAS 75206                    DALLAS, TEXAS 75205

Came to hand on the _____ day of _____, 20_____, at _____,o'clock _____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **PLAINTIFFS' ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places,,
to-wit:
Name                              Date/Time              Place/Location

NOT EXECUTED FOR THE FOLLOWING REASON:

The diligence used in finding said defendant being:

and the cause or failure to execute this process is:

And the information received as to the whereabouts of said defendant being:

_____, Sheriff

**FEES FOR SERVICE $** _____, County, Texas
    (Of Citation)
By _____, Deputy

STATE OF TEXAS
COUNTY OF MIDLAND

VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT:**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:
"My name is _____, my date of birth is _____, and my address
                    (First, Middle, Last)
Is _____
    (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____, 20_____.

_____          _____
Declarant/Authorized Process Server          (Id # & expiration of certification)

CAUSE NO.: CV53065

| | | |
|---|---|---|
| **HARRY ADINATA, ET AL** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **VS.** | § | **MIDLAND COUNTY, TEXAS** |
| | § | |
| **RREAF** | § | |
| **HOLDINGS O&G PORTFOLIO #2** | § | **385TH JUDICIAL DISTRICT** |

### *A F F I D A V I T   O F   S E R V I C E*

I, Lee H. Russell, having been duly sworn do state that the following is true and correct:

That I am over the age of eighteen, not a party to this suit, and have no interest in the outcome of the suit. I have met the criteria and I am an approved Process Server authorized by the Supreme Court of the State of Texas and remain in good standing.

That on 16 February 2017 at 12:29 p.m. I received a Citation and Petition to be delivered to Webb M. 'Kip Sowden at 4245 N. Central Expressway Suite 420 Dallas, TX 75205 in Dallas County, Texas.

That on 17 February 2017 at 11:50 a.m. I delivered said documents to Webb M. 'Kip' Sowden, III, personally at 4245 N. Central Expressway, Suite 420 Dallas, TX 75205 in Dallas County Texas.

Further the Affiant says not.

Lee H. Russell
PPS # SCH 1081
Expires: 07/31/17

**SUBSCRIBED AND SWORN TO BY** Lee H. Russell this the 17th day of February 2017, to attest witnesses my hand and seal of office.

DONNA JO KING
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 7/22/2018

Notary Public in and
For the State of Texas