## CAUSE NO. <u>CV-53065</u>

| | | |
|---|---|---|
| Harry Adinata, Geetha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Stephen Smiles, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Willkomm | § § § § § § § § § § § § § § § § § | **IN THE DISTRICT COURT** |
| ***Plaintiffs*** | § § | |
| RREAF Holdings, LLC, RREAF Holdings O&G Portfolio #2, LLC, DM Florida, LLC and Webb M. "Kip" Sowden | § § § § § § § § | **385th JUDICIAL DISTRICT** |
| ***Defendants*** | § | **MIDLAND COUNTY, TEXAS** |

## <u>PLAINTIFFS' AMENDED PETITION</u>

Plaintiffs, Harry Adinata, Geetha Adinata, Thomas Alfano, Adam Barausky, Arthur Belval, James M. Blakemore, Robert Burnett, Chris Choate, AJ Daley, Bill Davis, Robert Hinds, Larry Laughlin, Jeffrey Liddle, Tim McCabe, Todd Meucci, Steve Noonan, Doug Ramsey, Adam Richwine, Eddie Lou Shoffner, Jill Marie Trinitapoli, Wavecrest Holdings, LLC, David Willkomm and John Willkomm, (collectively, "Plaintiffs") by their undersigned counsel, complain of Defendants RREAF Holdings, LLC, RREAF Holdings O&G Portfolio

#2, LLC, DM Florida, LLC, and Webb M. "Kip" Sowden, (collectively, "Defendants"), as follows:

## DISCOVERY

1.     Plaintiffs intend that discovery be conducted under Level 3 pursuant to *Texas Rule of Civil Procedure 190.4.*

## INTRODUCTION

2.     Plaintiffs were all solicited by Defendants RREAF Holdings, LLC and Sowden to be investors and members of Defendant RREAF Holdings O&G Portfolio #2, LLC, a Texas limited liability company.  This action arises from a fraud and conspiracy, perpetrated by the Defendants, while serving as managers, officers, and members of Defendant RREAF Holdings O&G Portfolio #2, LLC, to divert funds invested by the Plaintiffs and assets acquired from those funds to Defendants to the detriment of Plaintiffs.  The Defendants' self-dealing actions and fraud eliminated the value of the Plaintiffs' Series A membership interest in RREAF Holdings O&G Portfolio #2, LLC by transferring the interests of Plaintiffs and ultimately leaving Plaintiffs with nothing.

3.     The investment was represented by the investment promoters, RREAF Holdings, LLC and Sowden, as a vehicle to own and operate hotels in the Permian Basin areas of West Texas and New Mexico.  Plaintiffs invested in what they thought was a single entity that would purchase, own and operate these hotels and would distribute the profits to the investors.  After forming the investment vehicle, Defendant RREAF Holdings O&G Portfolio #2, LLC,

Defendants embarked on a scheme to deprive Plaintiffs of the value of their investment.

## **PARTIES**

4.      Plaintiff Harry Adinata is an individual who resides in the State of Georgia.

5.      Plaintiff Geetha Adinata is an individual who resides in the State of Georgia.

6.      Plaintiff Thomas Alfano is an individual who resides in the State of Pennsylvania.

7.      Plaintiff Adam Barausky is an individual who resides in the State of Pennsylvania.

8.      Plaintiff Arthur Belval is an individual who resides in the State of Connecticut.

9.      Plaintiff James Blakemore is an individual who resides in the State of Texas.

10.     Plaintiff Robert Burnett is an individual who resides in the State of Tennessee.

11.     Plaintiff Chris Choate is an individual who resides in the State of Texas.

12.    Plaintiff AJ Daley is an individual who resides in the State of Alabama.

13.    Plaintiff Bill Davis is an individual who resides in the State of Tennessee.

14.    Plaintiff Robert Hinds is an individual who resides in the State of Texas.

15.    Plaintiff Larry Laughlin is an individual who resides in the State of Iowa.

16.    Plaintiff Jeffrey Liddle is an individual who resides in the State of New Jersey.

17.    Plaintiff Tim McCabe is an individual who resides in the State of Georgia.

18.    Plaintiff Todd Meucci is an individual who resides in the State of Tennessee.

19.    Plaintiff Steve Noonan is an individual who resides in the State of Washington.

20.    Plaintiff Doug Ramsey is an individual who resides in the State of Ohio.

21.    Plaintiff Adam Richwine is an individual who resides in the State of Connecticut.

22.     Plaintiff Eddie Lou Shoffner is an individual who resides in the State of Tennessee.

23.     Plaintiff Stephen Smiles is an individual who resides in the State of Indiana.

24.     Plaintiff Jill Marie Trinitapoli is an individual who resides in the State of Tennessee.

25.     Plaintiff Wavecrest Holdings, LLC is a limited liability company duly organized and existing under the laws of the State of New York.

26.     Plaintiff David Willkomm is an individual who resides in the State of Ohio.

27.     Plaintiff John Willkomm is an individual who resides in the State of Tennessee.

28.     Defendant RREAF Holdings, LLC ("RREAF Holdings"), is a Texas limited liability company allegedly formed for the purpose, as represented to Plaintiffs, to serve as a sponsor of an investment involved in purchasing, owning and operating eight hotel properties located in the West Texas oil and gas development area known as the Permian Basin (the "Permian Basin Hotel Properties"). RREAF Holdings can be served with process by serving its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

29.  Defendant RREAF Holdings O&G Portfolio #2, LLC (hereinafter "RREAF O&G Holdings - Texas"), is a Texas limited liability company allegedly formed for the purpose, as represented to Plaintiffs, of purchasing, owning and operating the Permian Basin Hotel Properties.  RREAF O&G Holdings – Texas can be served with process by serving its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

30.  Defendant DM Florida, LLC ("DM") is a Tennessee limited liability company which was the managing member of RREAF O&G Holdings – Texas. DM can be served with process by serving its registered agent, Webb M. Sowden III, at his registered address of 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

31.  Defendant Webb "Kip" Sowden ("Sowden") is a Texas resident who is the principal, promoter and controlling person of RREAF Holdings and RREAF O&G Holdings - Texas.  Sowden can be served with process at his residence located at 4228 North Central Expressway, Suite 110, Dallas, Texas 75206, or anywhere else he may be found.

## COMMON FACTUAL ALLEGATIONS

32.  In or about the first quarter of 2014, Plaintiffs became aware of an investment opportunity in certain hotel properties owned by RREAF O&G Holdings - Texas or related entities owned, managed and/or operated by Defendant Sowden.

33.     Defendant Sowden represented to Plaintiffs and other investors that RREAF O&G Holdings – Texas was an investment fund he intended to set up exclusively to purchase, own and operate budget hotel properties located in the states of Texas and New Mexico. The intended holdings were "budget" hotels that would serve oil company employees who were engaged in drilling operations in the Permian Basin in West Texas.  The hotels to be owned by RREAF O&G Holdings - Texas were, according to Defendant Sowden, despite being budget and lower rate per room properties, considered to be extremely profitable.

34.     In furtherance of this possible investment opportunity, Plaintiffs were provided offering memoranda as well as other written and oral representations by Defendants RREAF Holdings, RREAF O&G Holdings – Texas and Sowden to induce Plaintiffs to invest which stressed, *inter alia*, (i) the substantial equity in the assets over the committed financing, (ii) a fully executed letter of intent from a bona fide buyer for in excess of $20 million over secured debt (the purpose of which was to lend each investor assurances of having their investment returned by a complete sale of the hotels), and (iii) sufficient cash flow to meet debt service under the financing which allowed distributions to investors during the term of the loan.

35.     An additional inducement to invest in RREAF O&G Holdings - Texas was the representation by Defendants RREAF O&G Holdings – Texas and Sowden to Plaintiffs that individual investors would obtain Class A membership shares, which afforded significant investor protections, including the right to

vote on and control major financing and operating decisions of RREAF O&G Holdings - Texas.

36.    Defendants RREAF Holdings, RREAF O&G Holdings – Texas and Sowden also represented that as a further inducement to invest, Plaintiffs' investment would be further protected by the fact that the entity they were investing in, RREAF O&G Holdings – Texas, would be the entity that actually owned the hotel assets.

37.    In furtherance of these representations and to induce them to invest, Plaintiffs were provided a draft Operating Agreement of RREAF O&G Holdings – Texas, which confirmed in writing the representations made to Plaintiffs regarding investor protections in RREAF O&G Holdings – Texas and that the assets would be owned and operated by that entity.

38.    On or about the actual closing of the investment in RREAF O&G Holdings - Texas, Plaintiffs were notified by Defendants RREAF O&G Holdings - Texas and Sowden that the structure of the investment was being modified slightly to offer greater protection to the investors.

39.    As explained to Plaintiffs, instead of directly owning the Permian Basin Hotel Properties through RREAF O&G Holdings - Texas, the Permian Basin Hotel Properties were to be acquired through a third-party, which Defendant Sowden assured Plaintiffs was "for convenience" and which Defendants assured Plaintiffs afforded investment protections and voting rights "in *pari passu*" with Defendant RREAF O&G Holdings - Texas.

40.     Based on these representations by Defendants, through Defendant Sowden, Plaintiffs agreed to go forward with the investment.  In or about March and April, 2014, Plaintiffs invested approximately $3,000,000.00 with Defendant Sowden.

41.     What was not disclosed to Plaintiffs was that their interests were anything but *pari passu* with what was represented to be their interest and investor protections in RREAF O&G Holdings – Texas.  For example, Plaintiffs went from full voting members to non-voting members without any of the standard investor protections afforded Plaintiffs in RREAF O&G Holdings - Texas.

42.     In addition, despite the representations by Defendants RREAF Holdings, RREAF O&G Holdings – Texas and Sowden that the Plaintiffs were investing in an entity that would actually own the Permian Basin Hotel Properties, that was not the reality.  RREAF O&G Holdings – Texas did not own the Permian Basin Hotel Properties, and Plaintiffs' funds were allegedly invested in another entity.

43.     Based on the breaches of contract and fraud committed by Defendants against Plaintiffs in regards to their investment in Defendants, Plaintiffs suffered damages in excess of $3 million.

## JURISDICTION AND VENUE

44.     This Court has subject matter jurisdiction over this cause, as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.

45.     This Court has personal jurisdiction over all Defendants, as they are either Texas residents, or if not residents of Texas, because those non-resident Defendants have engaged in business in Texas by contracting with a Texas resident, and the contract was to be performed in Texas.  In addition, this Court has personal jurisdiction over all non-resident Defendants because they have purposely availed themselves of the privileges and benefits of conducting business in Texas, including but not limited to by purchasing and owning real property interests in the State of Texas, which are the basis of this lawsuit.

46.     Venue in Midland County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because Midland County is the county where at least one of the Permian Basin Hotel Properties the subject of the lawsuit is located and where all or a substantial part of the events or omissions giving rise to the lawsuit occurred, which include but are not necessary limited to the receipt of telephone calls and written correspondence by at least one Plaintiff in Midland County, and that Plaintiff relied upon those calls and correspondence to his detriment in Midland County, all of which form the basis of claims in this lawsuit.

### CAUSES OF ACTION

### Count I - Breach of Contract
### Plaintiffs against RREAF O&G Holdings - Texas

47.     Paragraphs 1-46 are incorporated as if fully restated herein.

48.    Plaintiffs entered into an operating agreement with RREAF O&G Holdings – Texas, which afforded Plaintiffs essential investor protections in the form of, *inter alia*, voting rights as Class A members.

49.    RREAF O&G Holdings - Texas breached the agreement with Plaintiffs by failing to maintain those bargained for and agreed to investor and voting rights when it directed Plaintiffs' investment to another entity, which eliminated Plaintiffs' bargained for investor rights.

50.    RREAF O&G Holdings - Texas' breached its agreement with Plaintiffs, and Plaintiffs suffered in excess of $3 million in damages as a consequence of Defendants' breach of the agreement.

## Count II-Statutory Fraud
### Plaintiffs v. Defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM and Sowden

51.    Paragraphs 1-50 are incorporated as if fully restated herein.

52.    As part of a transaction involving real estate and/or stock, Defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM, and Sowden made false representations of fact to Plaintiffs, including but not limited to the following:

a.    the false statements contained in the offering memoranda as well as other written and oral representations by Defendants RREAF Holdings, RREAF O&G Holdings – Texas and Sowden, to induce Plaintiffs to invest which stressed, inter alia, (i) the substantial equity in the assets over the committed financing, (ii) a fully executed letter of intent from a bona fide buyer for in excess of $20 million over secured debt (the purpose of which was to lend each

investor assurances of having their investment returned by a complete sale of the hotels), and (iii) sufficient cash flow to meet debt service under the financing which allowed distributions to investors during the term of the loan.

b.    the false representation by Defendants that individual investors would obtain Class A membership shares, which afforded significant investor protections, including the right to vote on and control major financing and operating decisions of RREAF O&G Holdings - Texas.

c.    the false representation by Defendants that Plaintiffs' investment would be further protected by the fact that the entity they were investing in, RREAF O&G Holdings – Texas, would be the entity that actually owned the hotel assets.

d.    the false representation by Defendants that the structure of the investment was being modified slightly to offer greater protection to the investors, in that instead of directly owning the Permian Basin Hotel Properties through RREAF O&G Holdings - Texas, the Permian Basin Hotel Properties were to be acquired through a third-party, which Defendant Sowden assured Plaintiffs was "for convenience" and which Defendants assured Plaintiffs afforded investment protections and voting rights "in *pari passu*" with Defendant RREAF O&G Holdings - Texas.

53.    Said representations were false and material to Plaintiffs' investment decisions, and Defendants made the false representations for the purpose of inducing Plaintiffs to enter into a contract and make the investments.

54.    Plaintiffs relied on the false statements of Defendants to their detriment, and such reliance was reasonable.

55.    Plaintiffs suffered in excess of $3 million in actual damages as a consequence of Defendants' fraud.

56.    Plaintiffs seek the recovery of attorneys' fees, expert witness fees, and deposition-copy costs under TEX. BUS. & COM. CODE § 27.01(e).

57.    In addition, Defendants' fraud was deliberate, made with actual awareness of its falsity, and committed with malice.  As a result, Plaintiffs request the imposition of punitive damages against Defendants in an amount in excess of $10 million.

58.    Wherefore, Plaintiffs request judgment on their behalf and against defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM and Sowden for actual damages of $3 million, punitive damages of $10 million, costs and reasonable attorneys' fees.

### Count III-Common Law Fraud
### Plaintiffs v. Defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM and Sowden

59.    Paragraphs 1-58 are incorporated as if fully restated herein.

60.    Defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM, and Sowden made false representations of fact to Plaintiffs, including but not limited to the following:

a.    the false statements contained in the offering memoranda as well as other written and oral representations by Defendants RREAF Holdings, RREAF O&G Holdings – Texas and Sowden, to induce Plaintiffs to invest which

stressed, inter alia, (i) the substantial equity in the assets over the committed financing, (ii) a fully executed letter of intent from a bona fide buyer for in excess of $20 million over secured debt (the purpose of which was to lend each investor assurances of having their investment returned by a complete sale of the hotels), and (iii) sufficient cash flow to meet debt service under the financing which allowed distributions to investors during the term of the loan.

b.      the false representation by Defendants that individual investors would obtain Class A membership shares, which afforded significant investor protections, including the right to vote on and control major financing and operating decisions of RREAF O&G Holdings - Texas.

c.      the false representation by Defendants that Plaintiffs' investment would be further protected by the fact that the entity they were investing in, RREAF O&G Holdings – Texas, would be the entity that actually owned the hotel assets.

d.      the false representation by Defendants that the structure of the investment was being modified slightly to offer greater protection to the investors, in that instead of directly owning the Permian Basin Hotel Properties through RREAF O&G Holdings - Texas, the Permian Basin Hotel Properties were to be acquired through a third-party, which Defendant Sowden assured Plaintiffs was "for convenience" and which Defendants assured Plaintiffs afforded investment protections and voting rights "in *pari passu*" with Defendant RREAF O&G Holdings - Texas.

61.     Said representations were false and material to Plaintiffs' investment decisions.

62.     When Defendants made the false representations, Defendants knew the representations were false, or in the alternative, Defendants made the representations recklessly, as a positive assertion, without knowledge of their truth, and Defendants made the representations with the intent that Plaintiffs' act on them.

63.     Plaintiffs relied on the statements of Defendants to their detriment, and such reliance was reasonable.

64.     Plaintiffs suffered in excess of $3 million in damages as a consequence of Defendants' fraud.

65.     Defendants' fraud was deliberate and committed with malice.

66.     Plaintiffs request the imposition of punitive damages against defendants in an amount in excess of $10 million.

67.     Wherefore, Plaintiffs request judgment on their behalf and against defendants RREAF Holdings, RREAF O&G Holdings - Texas, DM and Sowden for actual damages of $3 million, punitive damages of $10 million, costs, and interests.

### Count IV-Breach of Implied Duty of Good Faith
### Plaintiffs against RREAF O&G Holdings – Texas and Sowden

68.     Paragraphs 1-67 are incorporated as if fully restated herein.

69.     The RREAF O&G Holdings - Texas limited liability company operating agreement imposes on Defendants the implied obligation of good

faith and fair dealing upon Defendants in dealing with Plaintiffs under the RREAF O&G Holdings - Texas operating agreement.

70. Defendants breached the implied duties of good faith and fair dealing in their mistreatment of Plaintiffs in connection with the Plaintiffs' investment in RREAF O&G Holdings - Texas.

71. These breaches of duty proximately caused injury to Plaintiffs.

72. Wherefore, Plaintiffs request that the Court enter judgment on Plaintiffs' behalf and against Defendants RREAF O&G Holdings - Texas and Sowden, for in excess of $3 million, said amount to be proved at trial, costs and reasonable attorneys' fees.

**Count V-Civil Conspiracy**
**Plaintiffs against All Defendants**

73. Paragraphs 1-72 are incorporated as if fully restated herein.

74. Defendants agreed to accomplish an unlawful purpose and/or a lawful purpose by unlawful means through their wrongful actions in fraudulently obtaining the investments from Plaintiffs

75. Among the wrongful actions the subject of Defendants' agreement include the fraudulent acquisition of Plaintiff's funds through wrongfully inducing Plaintiff to invest in the above-referenced project.

76. Defendants Sowden's actions were outside the scope of his capacity as a corporate agent and/or Sowden acted for personal purposes.

77. Defendants knew that the agreed acts would result in harm to Plaintiffs in the form of loss of funds and the ability to control the entity which owned the properties.

78.     To accomplish the object of their agreement, at least one member of the combination committed an unlawful, overt act in furtherance of the conspiracy.  Namely, Defendants perpetrated a fraud upon Plaintiffs by soliciting and taking Plaintiffs' investments under fraudulent pretenses.

79.     The law is clear that as long as one of the conspirators is liable for a civil wrong, then the action will survive against all conspirators.

80.     Defendants' actions proximately caused injury to Plaintiffs consisting of both actual and exemplary damages.  Defendants are jointly and severally liable for all acts done by any of them in furtherance of the unlawful combination.

81.     Wherefore, Plaintiffs request that the Court enter judgment on behalf of Plaintiffs and against all Defendants in the amount in excess of $3,000,000, jointly and severally, plus costs of suit, including reasonable attorneys' fees.

## **DEMAND FOR JURY TRIAL**

82.     Plaintiffs demand a trial by jury of all claims alleged in this Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for the following relief and damages in an amount within jurisdictional limits of the Court:

a.  For damages incurred as a result of the above-referenced claims, including but not limited to benefit of the bargain damages, out-of-pocket expenses, lost profits, incidental and consequential damages, and fraud reliance damages;

b.  For Plaintiffs' reasonable and necessary attorney's fees and costs of suit;

c.  Pre- and Post-Judgment interest on all actual, special, and punitive damages and attorneys' fees at the maximum interest rate allowed by law;

d.  For exemplary damages against in an amount to be determined by the trier of fact; and

e.  For such other and further relief, both general and specific, at law or in equity, that Plaintiffs are justly entitled to receive.

Respectfully submitted,

**Brockett & McNeel LLP**
TGAAR TOWER
24 Smith Road, Suite 400
Midland, Texas 79705
Telephone: 432.686.7743
Telecopier: 432.683.6229


__/s/ Ryan J. McNeel_____
C. H. (Hal) Brockett, Jr.
    State Bar No. 03046200
    hbrockett@brockettmcneel.net
Ryan J. McNeel
    State Bar No. 24032851
    rmcneel@brockettmcneel.net

Michael C. Moody
Michael J. O'Rourke
**O'Rourke & Moody, LLP**
55 West Wacker Drive
Suite 1400
Chicago, Illinois 60601
(312) 849-2020

*Counsel for Plaintiffs*